ESPERANZA CRUZ VÉLEZ, SALOMÓN COSTA, ALFREDO RAMÍREZ ROSSELL, JUAN ANGEL TIÓ MALARET, MIGUEL A. GARCÍA MÉNDEZ y LUIS A. FAJARDO, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 709.—*Sometido:* Marzo 1, 1928.  *Resuelto:* Marzo 21, 1928.

ARRENDADOR Y ARRENDATARIO—ARRENDAMIENTOS Y CONVENIOS EN GENERAL—REQUISITOS Y VALIDEZ—INSCRIPCIÓN—ARRIENDOS POR TÉRMINO MAYOR O MENOR DE SEIS AÑOS.—Cuando, arrendadas varias fincas por término de cinco años, en el contrato de arrendamiento no se pacta expresamente que dicho contrato se inscriba en el registro, pero las partes contratantes, luego, de común acuerdo, así lo piden, quedan cumplidas las exigencias del estatuto y dicho contrato es inscribible.

NOTA de *Luis Capó Matres*, R. (San Germán), denegando inscripción de un contrato de arrendamiento.  *Revocada.*

*Nazario & García Méndez*, abogados de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 28 de diciembre de 1927 comparecieron ante notario público, de una parte, Esperanza Cruz y su esposo Salomón Costa, y de otra, Alfredo Ramírez, Luis A. Fajardo, Juan Angel Tió y Miguel A. García, y otorgaron una escritura por virtud de la cual la primera parte arrendó a la segunda varias fincas rústicas a razón de ocho mil dólares anuales.  La duración del contrato se fijó en la escritura así:

"El término del arrendamiento será el de CINCO años que empezarán a contarse desde el día de hoy, con el expreso convenio de que los arrendatarios tendrán derecho a usar de una opción para la extensión del término así estipulado por CINCO años más a partir del

vencimiento de los primeros cinco, siendo convenido que dicha concesión de prórroga forma parte del precio o consideración de este contrato.''

El 18 de enero último el abogado Leo Irizarry se dirigió por escrito al Registrador de la Propiedad de San Germán a nombre y en representación de ambas partes contratantes y le pidió la inscripción del documento, haciendo constar además la distribución del canon entre las diversas fincas arrendadas.

El 20 del propio mes de enero último, el registrador negó la inscripción

''por observarse que el término por el cual se constituye es sólo por cinco años, sin que las partes consientan expresamente en que el mismo se inscriba en el Registro, no reuniendo por lo tanto los requisitos indispensables para ser inscribible, según lo dispuesto en el párrafo quinto del artículo 2 de la Ley Hipotecaria. . . .''

También consignó el registrador en su nota la existencia de algunos defectos subsanables.

No conformes los interesados interpusieron el presente recurso gubernativo, limitando su impugnación a la negativa. Prescinden de los defectos subsanables apuntados.

Estudiado el caso debidamente, todos los jueces de la corte estamos conformes en que debe revocarse la nota recurrida porque si bien no se pactó expresamente en la propia escritura que el contrato se inscribiera en el registro, al pedirlo luego ambas partes contratantes de común acuerdo por medio de su abogado, quedaron cumplidas las exigencias de la ley.

El Juez Asociado Sr. Hutchison y el que suscribe opinan además que la nota debería revocarse porque aunque en verdad el término del arrendamiento se fijó en cinco años, la condición de prórroga por otros cinco está de tal manera entrelazada con el pacto original, que bien puede considerarse que se trata de un contrato por diez y no por cinco años.

En tal virtud, por el primer fundamento, o sea por ha-
ber solicitado la inscripción ambas partes de común acuerdo
*se revoca la nota recurrida y se ordena la inscripción soli-
citada.*